Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VII

| | | |
|---|---|---|
| EDL CONSTRUCTION LLC<br><br>Peticionaria<br><br>V.<br><br>NELLIE TORRES<br><br>Recurrida | KLCE202400712 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao<br><br>Caso Núm. HU2023CV01414 (208)<br><br>Sobre: COBRO DE DINERO ORDINARIO |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 19 de agosto de 2024.

La peticionaria, EDL Construction LLC, solicita que revisemos la denegatoria del Tribunal de Primera Instancia (TPI) a dar por admitidos los requerimientos de admisiones que envió a la recurrida y su decisión de aceptar la contestación tardía.

La recurrida, Nellie Torres, en adelante recurrida o señora Torres, presentó su oposición al recurso.

Los hechos que anteceden a la controversia que nos ocupa son los siguientes.

**I**

El 28 de septiembre de 2023, la peticionaria presentó una demanda de cobro de dinero contra la recurrida. La señora Torres contestó la demanda y presentó una reconvención. La peticionaria informó que envió a la recurrida un Aviso de Toma de Deposición y Requerimiento de Producción de Documentos. Posteriormente informó que sus gestiones con la recurrida para preparar el Informe sobre el Manejo del Caso fueron infructuosas. El TPI le concedió un término a la recurrida para replicar. La peticionaria pidió sanciones contra la recurrida porque tampoco replicó en el término ordenado

Número Identificador

SEN2024_____

y no expresó razón alguna para su incumplimiento. La recurrida pidió la transferencia de la vista y se opuso a las sanciones en su contra, mientras que la peticionaria expresó su inconformidad. El TPI advirtió a la recurrida que impondría sanciones en su contra por incumplir sus órdenes.

La Conferencia Inicial se realizó el 12 de marzo de 2024. La peticionaria informó que el 12 de enero de 2024 envió un requerimiento de producción de documentos a la recurrida y que estaba en espera de respuesta. El TPI señaló una vista para el 27 de junio de 2024 y advirtió a las partes que para esa fecha debían estar por culminar o haber culminado el descubrimiento de prueba. Véase, pág. 128 del apéndice. El 28 de marzo de 2024, la peticionaria informó que: la recurrida desobedeció las órdenes del tribunal para que proveyera los documentos requeridos; y habían transcurrido setenta y cinco (75) días desde que los solicitó. También presentó una moción informativa mediante la cual señaló que ese día envió un requerimiento de admisiones a la recurrida. Véase, págs. 129-131 del apéndice.

El 31 de marzo de 2024, el TPI concedió un término final de diez (10) días a la recurrida para contestar el Requerimiento de Producción de Documentos. Véase, pág. 134 del apéndice. Nuevamente, la peticionaria solicitó sanciones contra la recurrida porque no contestó el requerimiento de producción de documentos en el término final que le concedió el tribunal y el cual había solicitado desde el 12 de enero del mismo año. Véase, pág. 155 del apéndice. El 15 de abril de 2024, el TPI ordenó al abogado de la recurrida el pago de una sanción de doscientos dólares ($200.00), por incumplir con la orden dictada el 31 de marzo de 2024. Véase, pág. 159 del apéndice.

El 19 de abril de 2024, la peticionaria pidió que se dieran por admitidos los requerimientos de admisiones, debido a que la recurrida no contestó en el término de veinte (20) días. Véase, pág. 162 del apéndice. El 1 de mayo de 2024, la recurrida informó que ese día se remitió el requerimiento de producción de documentos y el requerimiento de admisiones, a la parte peticionaria. Véase, pág. 178 del apéndice. La peticionaria se opuso, porque la contestación al requerimiento de admisiones fue tardía, por lo que se

debían dar por admitidas. El TPI impuso una sanción de doscientos dólares ($200.00) al abogado de la recurrida por incumplir sus órdenes y le advirtió de que el incumplimiento de esta orden conllevaría un desacato sin vista y sin escucharle. Véase, pág. 186 del apéndice. La recurrida pidió reconsideración de la sanción económica en su contra. Su abogado alegó la complejidad de los casos y el exceso de trabajo como excusas para la tardanza. Véase, pág. 187 del apéndice del recurso.

El 2 de mayo de 2024, la recurrida se opuso a que se dieran por admitidos los requerimientos de admisiones. Su abogado alegó que su tardanza en contestar fue de solo trece (13) días y que se debió a que tuvo que atender múltiples casos. El abogado de la recurrida adujo justa causa para la tardanza e invocó la discreción judicial para interpretar flexiblemente las Reglas de Procedimiento Civil e impedir que las cuestiones técnicas prevalezcan en detrimento de la justicia. Véase, pág. 198 del apéndice. El TPI declaró no ha lugar la moción de reconsideración de la recurrida y le impuso una tercera sanción de doscientos dólares ($200.00) por incumplir sus órdenes. Véase, págs. 200-201 del apéndice. La recurrida informó que pagó la sanción económica. La peticionaria replicó a la oposición para que se den por admitido los requerimientos de admisiones. El 31 de mayo de 2024, el TPI se amparó en su discreción para no dar por admitido los requerimientos de admisiones. El foro primario fundamentó la decisión en que la recurrida fue sancionada económicamente. Véase, pág. 217 del apéndice.

La peticionaria presentó este recurso en el que alega que:

Incurrió en prejuicio, parcialidad, abuso de discreción y en error claro y manifiesto de derecho el TPI al admitir la contestación a requerimiento de admisiones que fue cursada de forma tardía, sin que mediara solicitud de prórroga alguna y sin que se presentara una justificación oportuna y fundamentada por la tardía presentación.

## II

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un

tribunal inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Mun. Caguas v. JRO Construction Inc.,* 201 DPR 703, 710 (2019).

En cuanto a la discreción para expedir el mismo, puntualizamos que la discreción judicial implica la autoridad para elegir entre diversas opciones, sin enajenarnos del Derecho. Se considera una forma de razonabilidad aplicada al discernimiento judicial con el fin de llegar a una conclusión justa. *IG Builders v. BBVAPR,* 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *García v. Padró,* 165 DPR 324, 334–335 (2005).

Como cuestión de umbral, ante todo recurso de certiorari, hemos de evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone que, el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Así, pues, el foro apelativo deberá auscultar los criterios de la aludida regla para guiar su discreción al intervenir con la resolución u orden recurrida. La Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* supra, pág. 338. Sin embargo, la discreción no opera en el vacío y en ausencia de parámetros que la encaminen, sino que el foro apelativo cuenta con los criterios enumerados en dicha regla para asistirlo y determinar si en un caso en particular procede que se expida el auto discrecional de *certiorari. BPPR v. SLG Gómez-López,* 2023 TSPR 145, 213 DPR ___ (2023).

**B.**

El requerimiento de admisiones es una forma de descubrimiento de prueba que está regulada en la Regla 33 de Procedimiento Civil, 32 LPRA Ap. V. A través de este mecanismo de descubrimiento de prueba, una parte puede requerir por escrito a cualquier otra parte que admita la veracidad de cualquier materia dentro del alcance de la Regla 23.1 de Procedimiento Civil, relacionada a hechos u opiniones de hecho o con la aplicación de la ley a los hechos, incluyendo la autenticidad de cualquier documento. La regla

establece un término de veinte (20) días, a partir de notificado el requerimiento para que la parte que lo recibe formule su contestación. Si la parte a quien va dirigido no contesta dentro de esos veinte (20) días, se dará por admitido el requerimiento.

El Tribunal Supremo de Puerto Rico analizó e interpretó en *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 DPR 563, 572-575 (1997), la figura del requerimiento de admisiones. Aunque este caso se resolvió durante la existencia de las Reglas de Procedimiento Civil de 1979, la doctrina se mantiene vigente en las reglas actuales. Nuestro más Alto Foro judicial local, advirtió que el incumplimiento con el término de veinte (20) días para contestar el requerimiento constituye una admisión automática. Por esa razón, no es necesario que el tribunal emita una orden dando por admitido el requerimiento. La admisión al requerimiento de admisiones es definitiva, salvo que el tribunal permita una enmienda o su retiro, previa moción al efecto.

Los tribunales tienen discreción para interpretar de forma flexible la regla que regula el requerimiento de admisiones, porque lo favorable es que la controversia se dilucide en sus méritos. No obstante, esa flexibilidad debe ser ejercida en los casos apropiados. La discreción judicial debe ser ejercida con especial cuidado cuando ocurre una admisión tacita, porque el requerimiento no se contestó en el término de veinte (20) días. Las disposiciones de esta regla no son meramente directivas, porque son mandatorias y se exige su cumplimiento sustancial. Aun así y al igual que cualquier otra regla procesal, las consideraciones técnicas no pueden prevalecer en detrimento de la justica. Los tribunales estamos obligados a interpretar las Reglas de Procedimiento Civil, de modo que garanticen una solución justa, rápida y económica de todo procedimiento. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, supra, págs. 573-575.

Los requerimientos de admisiones tienen una función importante en nuestro sistema judicial adversativo, debido a que son un instrumento sencillo y económico que sirve para delimitar las controversias de un caso.

Sus objetivos son aligerar los procedimientos, definir y limitar las controversias del caso y proporcionar un cuadro más claro de estas. La admisión tiene el efecto de relevar a la parte adversa de presentar, en el juicio, prueba de los hechos admitidos, propicia que se acorte la audiencia y evita gastos innecesarios. La admisión de un requerimiento es definitiva, salvo que el tribunal permita su retiro o una enmienda. *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 171 (2007).

La decisión en *Rivera Prudencio v. Mun. de San Juan,* supra*,* págs. 172-174, reitera el deber afirmativo del requerido de responder y de hacer las gestiones necesarias para obtener la información para admitir o negar. El Tribunal Supremo de Puerto Rico advirtió que los tribunales no pueden refrendar la dejadez y desidia de una parte que, con sus actuaciones, promueve la dilación de los procedimientos judiciales. La falta de diligencia y el incumplimiento del término de veinte (20) días para admitir o negar, de las órdenes del tribunal y del apercibimiento de las consecuencias de su desobediencia, acarrean que se dé por admitido el requerimiento.

### III

La parte peticionaria solicita que revisemos la decisión del Tribunal de Primera Instancia de permitir la contestación tardía de la recurrida a un requerimiento de admisiones. Nuestra intervención es necesaria, porque el TPI abusó de su discreción y cometió el error de derecho que señala la peticionaria. El foro primario estaba obligado a dar por admitido el requerimiento de admisiones, porque la parte recurrida no presentó su contestación dentro los veinte (20) días establecidos en ley. Su decisión es un craso error de derecho, debido a que el incumplimiento de ese término es sinónimo de una admisión automática y no se requiere la intervención del tribunal para que lo declare.

La admisión al requerimiento de admisiones es definitiva, salvo que el tribunal permita una enmienda o su retiro, previa moción al efecto y en los casos apropiados. El foro de instancia no tenía discreción para aceptar la contestación tardía al requerimiento de admisiones, porque no existe

justificación para obviar la norma de admisión automática. El tracto procesal de este caso pone de manifiesto la falta de diligencia de la representación legal de la recurrida en cumplir las órdenes del tribunal, y su incumplimiento con el término de veinte (20) días para admitir o negar el requerimiento de admisiones, a pesar de las advertencias recibidas. La recurrida no presentó una moción de prórroga antes de vencido el término de veinte (20) días, no solicitó el retiro de su admisión tácita y no adujo una justa causa para su incumplimiento. Su abogado dio como excusa que la tardanza fue de solo trece (13) días y que se debió a que tuvo que atender múltiples casos. No obstante, el exceso de trabajo no es excusa para incumplir con la ley y con las órdenes del tribunal. El deber de diligencia que le exige el ejercicio de su profesión es totalmente incompatible con la desidia, la despreocupación y displicencia incurrida al atender los asuntos encomendados por su cliente. *In re Rivera Justiniano,* 212 DPR 385, 401-402 (2023); *In re Miranda Daleccio,* 193 DPR 753, 762 (2015).

El foro recurrido interpretó y aplicó incorrectamente la Regla 33, *supra.* El TPI no dio por admitido el requerimiento de admisiones, por el fundamento erróneo de que la recurrida fue sancionada económicamente. La decisión es un claro error de derecho, porque la admisión que acarrea no contestar a tiempo un requerimiento es automática y no necesita de una orden del tribunal. Además de que las sanciones económicas que impuso el TPI están relacionadas al incumplimiento de las órdenes de producir documentos. La actuación del TPI refrenda la dejadez y desidia de la recurrida que han dilatado el procedimiento judicial iniciado el 28 de septiembre de 2023 y cuyo descubrimiento de prueba debía finalizar o estar por hacerlo el 27 de junio de 2024.

**IV**

Por lo antes expuesto, se expide el recurso, se revoca la resolución del TPI y se da por admitido el requerimiento de admisiones enviado por la peticionaria a la recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones